

1345 Avenue of the Americas
New York, NY  10105
Telephone: (212) 370-1300
Facsimile: (212) 370-7889
www.egsllp.com

John C. Stellabotte
Partner
jstellabotte@egsllp.com

November 14, 2023

<u>Via ECF</u>
The Honorable Georgette Castner
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

  Re: *Seasonal Specialties, LLC v. National Christmas Products, Inc.*
     *d/b/a National Tree Company*
     <u>No. 3:23-cv-11123-GC-DEA (D.N.J)</u>

Dear Judge Castner:

 This firm represents National Christmas Products, LLC ("NCP") in the above-referenced matter.  In accordance with Your Honor's Individual Rules and Practices, Defendant respectfully requests a pre-motion conference prior to filing a partial motion to dismiss the Complaint that Plaintiff Seasonal Specialties ("Seasonal") filed on August 25, 2023.  Dkt. No. 1.

 The Complaint alleges that Dunhill Tree product ("the Accused Product") of National Christmas Products, Inc. d/b/a National Tree Company ("National") infringes U.S. Patent Nos.: 9,554,437 (the "'437 patent") and 10,080,265 ("the '265 patent) (collectively the "Patents-in-Suit"). Count I of the Complaint alleges direct infringement of the '437 patent (¶¶33-35) and indirect infringement, both induced infringement (¶ 36) and contributory infringement (¶ 37). The sparse indirect infringement allegations are limited to two paragraphs and a total of three conclusory sentences, which are reproduced below.

> 36. **Induced Infringement.** National actively, knowingly, and intentionally has been and continues to induce infringement of the '437 patent, literally or under the doctrine of equivalents, by selling the Dunhill Trees to customers, both retailers and end users, for sale and specific use in a manner that infringes one or more claims of the '437 patent.
>
> 37. **Contributory Infringement.** National actively, knowingly, and intentionally has been and continues to materially contribute to its own customers' infringement of the '437 patent, literally or under the doctrine of equivalents, by selling the Dunhill Trees to its customers for sale and use by end users in a manner that infringes one or more claims of the '437 patent. The Dunhill Trees are not staple articles of commerce suitable for substantial non-infringing use.

 Similarly, Count II of the Complaint alleges direct infringement of the '265 patent (¶ 44-46) and indirect infringement, both induced infringement (¶ 47) and contributory infringement (¶ 48), in two paragraphs and three sparse sentences, which are reproduced below.

Ellenoff Grossman & Schole LLP											Hon. Georgette Castner
November 14, 2023
Page 2

> 47. **Induced Infringement.** National actively, knowingly, and intentionally has been and continues to induce infringement of the '265 patent, literally or under the doctrine of equivalents, by selling the Dunhill Trees to customers, both retailers and end users, for sale and specific use in a manner that infringes one or more claims of the '265 patent.
>
> 48. **Contributory Infringement.** National actively, knowingly, and intentionally has been and continues to materially contribute to its own customers' infringement of the '265 patent, literally or under the doctrine of equivalents, by selling Dunhill Trees to its customers for sale and use by end users in a manner that infringes one or more claims of the '265 patent. The Dunhill Trees are not staple articles of commerce suitable for substantial non-infringing use.

The direct infringement claims are meritless and typically would not be amenable to resolution on a motion to dismiss but as counsel for NCP explained to counsel for Seasonal by telephone on November 13, 2023, National was not the legal entity involved in the business activities upon which Seasonal bases its patent infringement claims, and, therefore, is not the proper party named in the Complaint. Counsel for Seasonal agreed to correct this error.  Without admitting any of the Complaint's allegations, NCP contends that the proper entity that should be named as a defendant is NCP.

Moreover, the indirect infringement causes of action in Counts I and II pursuant to § 35 U.S.C. § 271(b) and (c) fail to state claim.  Seasonal fails to meet the Federal Circuit requirements that courts in this District routinely enforce by failing to plead requisite facts supporting its allegations of indirect infringement.

For example, a plaintiff asserting induced infringement "must plead facts raising a plausible inference that: '(1) Defendant[] knowingly induced a third party to perform specific acts; (2) Defendant[] specifically intended for the induced acts to infringe the asserted patents; and (3) as a result of the inducement, the third party directly infringed the asserted patents.'" *See, e.g.*, *OANDA Corp. v. GAIN Capital Holdings, Inc.*, Case No. 3:20cv-05784 BRM-DEA, 2021 WL 118678, at *11 (D.N.J. Mar. 30, 2021) (finding allegations that defendant "caused others to infringe" failed to plead a viable induced infringement claim "without pleading facts raising a plausible inference of [defendant's] specific intent."   (citing *Straight Path IP Grp., Inc. v. Vonage Holdings Corp.*, No. 14–502 (JLL)(JAD), 2014 WL 3345618, at *2 (D.N.J. July 7, 2014) (dismissing with prejudice induced and contributory infringement claims after plaintiff failed to fix deficiencies in its original "threadbare allegations" that merely "parroted the language of the required elements" and failed again to allege required "specific intent")); *NASDAQ, Inc. v. IEX Grp.*, Case No. 18-3014-BRM-DEA, 2019 WL 102408, at *13(dismissing induced infringement claim without prejudice).

"The relevant inducement inquiry is whether the alleged infringer gave 'instructions' to 'actively' teach an infringing use of the product such that courts can infer from those instructions an affirmative intent' that the product be used to infringe." *OANDA Corp.*, 2021 WL 118678, at at*11 (citations omitted). Here, the Complaint is *devoid* of *any* allegations of *instructions or active steps* that National took to encourage or instruct direct infringement that plausibly evince a specific intent to induce infringement. The Complaint fails to even mention such a specific intent. *Compare K9 Sport Sack, LLC v. Little Chonk Co.*, 2023 WL 4348690, *5 (D.N.J. July 5, 2023) (plaintiff relied on specific instructions defendant provided to its customers on how to use defendant's products in a way that infringed the patent-in-suit to plead requisite intent). In

contrast, allegations that National caused others to infringe, standing alone, are insufficient to show a specific intent, which "requires more than just intent to cause the acts that produce direct infringement." *Kyocera Wireless Corp. v. ITC*, 545 F.3d 1340, 1354 (Fed. Cir. 2008).

To support a claim for contributory infringement Seasonal must: 1) plead *facts* showing the alleged infringer knew of the asserted patent(s); 2) the product accused of infringement is specially made or adapted for infringing use; 3) the specific component of the accused material or apparatus made or adapted for infringing use; and 4) is not a staple article or commodity of commerce suitable for substantial non-infringing uses. *See, e.g.*, *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d. 1323, 1332 n.4, 1337 (Fed. Cir. 2012); *OANDA Corp.*, 2021 WL 118678, at *12 (dismissing contributory infringement claim as not viable for failing to plead facts that allow an inference that defendant offered for sale or sold components that have no substantial noninfringing uses); *Zipit Wireless, Inc. v. LG Elecs. U.S.A., Inc.*, No. 20-01494 (KM) (JBC), 2022 WL 170864, *11 (D.N.J. Jan. 18, 2022) ("conclusory allegations that merely parrot the claim elements are insufficient to support a contributory infringement claim, where, [f]or example," plaintiff failed to" plead "*any facts . . . which support the inference that [defendant's] accused devices are not suitable for substantial non-infringing use*") (emphasis added).

Plaintiff's Complaint fails to allege that National sells a *component* of a patented product or process. Instead, the Complaint alleges that Defendant's entire product—the Dunhill Tree—is itself covered by at least one claim of the Patents in Suit. *See* Complaint ¶¶ 33 and 38 and ¶¶ 44 and 49, alleging that National sells the Accused Product, "which practices the technology of Claims 1-5 and 10." It does not, however, allege that the Dunhill Trees are *a component* of a larger product that is itself covered by the claims, as would be required under 35 U.S.C. § 271(c). Because Plaintiff accuses the Dunhill Trees of directly infringing and does not accuse Defendant of selling a component of a patented product or process, Seasonal's contributory infringement allegations must be dismissed. *See K9 Sport Sack LLC*, 2023 WL 4348690, at *6-7.

Indeed, Seasonal's conclusory allegations, made without supporting facts, fail to identify a specific component of the Accused Product is made or adapted specifically for infringing use and has no substantial non-infringing use. Seasonal does not plead factor 3 at all in paragraphs 36 and 47, let alone provide supporting facts in contravention with established Federal Circuit requirements. For the foregoing reasons, dismissal of the Complaint is warranted, unless Seasonal amends its Complaint to name a proper party and is capable of viably repleading its indirect infringement allegations.

                  Respectfully submitted,

cc: Counsel of Record (via ECF)

                  John C. Stellabotte